IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROY LEE BRYANT | § | |
| VS. | § | CIVIL ACTION NO. 9:19-CV-82 |
| BRIAN COLLIER, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Roy Lee Bryant, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a third motion to recuse the magistrate judge.

Title 28 U.S.C. § 144 allows a party to make and file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." 28 U.S.C. § 144. In such a case, another judge shall be assigned to hear further proceedings. *Id.* When a §144 motion is filed, the judge must consider the legal sufficiency of the affidavit, but may not resolve factual issues. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003); *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). An affidavit is legally sufficient if: (1) the facts are material and stated with particularity; (2) the facts, if true, would convince a reasonable person that bias exists; and (3) the facts show that the bias is personal in nature. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 315 (5th Cir. 2012). Absent surrounding comments or accompanying opinion, judicial rulings alone will rarely constitute a valid basis for a motion to recuse or disqualify. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

Plaintiff's motion to recuse the magistrate judge is not legally sufficient because it does not include an affidavit. Further, plaintiff bases his motion on the erroneous claim that the magistrate judge lacks authority to enter orders in this case because plaintiff has not consented to trial by a

magistrate judge. Contrary to plaintiff's assertion, this case was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) for determinations of pretrial matters and recommendations for the disposition of the case. Therefore, plaintiff's complaints about the judicial rulings are not a valid basis for recusal. As a result, plaintiff's motion to recuse shall be denied. It is accordingly

**ORDERED** that plaintiff's third motion for recusal of the magistrate judge (document no. 29) is **DENIED**.

SIGNED this 14th day of September, 2021.

_____
Zack Hawthorn
United States Magistrate Judge