IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROY LEE BRYANT | § | |
| VS. | § | CIVIL ACTION NO.  9:19-CV-82 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Roy Lee Bryant, a prisoner confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Bryan Collier, D. Muniz, G. Spurlock, Samuel Dominey, and Carrie L. Whatley.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants filed a motion to dismiss,[1] and Plaintiff has responded to the motion. This Report and Recommendation considers the merits of the motion.

Factual Background

Plaintiff alleges he was transferred to the Eastham Unit on March 20, 2019. Plaintiff claims the showers and cells at the Eastham Unit lack safety mats, there are no mirrors or desks in the cells, the water contains lead, the locking mechanisms on the cell doors are faulty, and there is no air

---

[1] Defendant Samuel Dominey has not been served with process. Although he has not answered the complaint or joined in the motion, the motion to dismiss inures to his benefit as well. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing non-answering defendants to benefit from a dispositive motion filed by appearing defendants).

conditioning. Plaintiff also alleges that he was denied envelopes for his legal mail, indigent supplies, a change of clothing, and appropriate footwear.

## Motion to Dismiss

Defendants contend this civil rights action should be dismissed because Plaintiff did not exhaust administrative remedies before he filed this action on May 9, 2019.[2]

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other

---

[2] Defendants also moved for dismissal on other grounds. Because the exhaustion issue is dispositive, the court need not address the other grounds for dismissal raised by the defendants.

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Texas Department of Criminal Justice, Correctional Institutions Division has a two-step grievance procedure available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Step 1 of the grievance procedure involves the prisoner submitting a grievance to the unit grievance coordinator. The unit grievance coordinator investigates the grievance, collects documents and other evidence, interviews witnesses, drafts an investigation report of findings, and prepares a recommendation for the review of the decision maker. The authorized decision maker for a Step 1 grievance is the warden or assistant warden. *Id.*

Step 2 of the grievance procedure involves the prisoner submitting an appeal to the division grievance investigator at TDCJ-CID headquarters. The division grievance investigator investigates the grievance, collects documents and other evidence, interviews witnesses, drafts an investigation

3

report of findings, and prepares a recommendation for the review of the decision maker. The decision maker for a Step 2 grievance is the regional director or assistant director. *Id.*

The grievance procedure takes approximately ninety days to exhaust. Prisoners are allowed fifteen calendar days to file a Step 1 grievance. The first response is due forty calendar days from receipt of the grievance. The prisoner then has ten days to appeal the Step 1 grievance by filing a Step 2 grievance. Prison officials involved with Step 2 grievances have forty calendar days from receipt of the grievance to complete the investigation and respond to the grievance. *Id.* The prisoner must pursue the grievance through both steps for his claim to be exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

In his original complaint, Plaintiff admitted that he did not exhaust administrative remedies before he filed this action. Plaintiff claimed that he attempted to file a grievance, but it was not processed. In response to Defendants' motion to dismiss, Plaintiff submitted copies of his Step 1 and Step 2 grievances. The Step 1 grievance, submitted by Plaintiff on April 7, 2019, was received by prison officials on April 8, 2019, and it was returned to Plaintiff with a response on May 9, 2019. Plaintiff submitted a Step 2 grievance on May 17, 2019, after he had already filed this action. Plaintiff received a response to the Step 2 grievance on July 30, 2019.

Because the pleadings show that Plaintiff did not exhaust administrative remedies before filing this action, he has failed to state a claim upon which relief may be granted. As a result, Defendants' motion to dismiss should be granted.

## Recommendation

Defendants' motion to dismiss should be granted.

Objections
---

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 4th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge